PEOPLE *ex rel*. HOLTMAN *v*. MYERS, Comptroller.

(*Supreme Court, General Term, First Department.*    January 24, 1890.)

OFFICE AND OFFICER—REMOVAL—SPECIFICATION OF OFFENSE.

    On *certiorari* to review the proceedings by which relator was removed from the office of clerk of markets, the return referred to a communication sent to relator calling his attention to serious charges made against him.    *Held*, that under Laws N. Y. 1882, c. 410, § 48, which entitled relator, before removal, to be informed of the cause, and to an opportunity for explanation, an order would be granted directing a copy of the communication to be added to the return.

Appeal from special term, New York county. ,

*Certiorari* against Theodore W. Myers, comptroller of the city of New York, to review the proceedings by which the relator, Henry Holtman, was removed from the office of clerk of the markets. From an order directing a further return to the writ, defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*David J. Dean,* for appellant. *Solon P. Rothschild,* for respondent.

DANIELS, J. The writ of *certiorari* has been issued to review the proceedings by which the relator has been removed from the office of clerk of the markets. This removal has been objected to as unlawfully made. By the return to the writ the statement has been made that the comptroller caused a communication to be conveyed to the relator calling his attention to charges previously mentioned which had been made against him, and which were stated to be so serious as to require explanation, and it is a copy of this communication that the order has directed to be added to the return. The relator was liable to removal from his office, only after he was informed of the cause of his proposed removal, and allowed an opportunity for making his explanation. Chapter 410, Laws 1882, § 48. This communication will be of importance upon the hearing to be had in the proceeding, for upon it will depend the fact of a compliance with this section of the law. The order should therefore be affirmed, with $10 costs, and also disbursements to the relator.

All concur.